Filed 11/4/20  P. v. Barbosa CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TANYA J. BARBOSA,<br><br>    Defendant and Appellant. | 2d Crim. No. B302869<br>(Super. Ct. No. 2019025949)<br>(Ventura County) |

    In 2019, the trial court indicated that it would impose a three-year state prison sentence if Tanya J. Barbosa pled guilty to a charge of inflicting corporal injury on a spouse or cohabitant (Pen. Code,[1] § 273.5, subd. (a)).  Barbosa accepted the court's offer, pled guilty to the charge, and admitted allegations that she had suffered a prior conviction for inflicting corporal injury (*id.*, subd. (f)(1)) and served a prior term in prison (§ 667.5, subd. (b)).  The court then imposed the agreed-upon sentence:  two years on the conviction, plus one year on the prison prior.  (See *People v.*

---

[1] Further statutory references are to the Penal Code.

*Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*) [enhancement mandatory unless stricken].)

The Legislature subsequently enacted Senate Bill No. 136 (S.B. 136). (*Jennings*, *supra*, 42 Cal.App.5th at p. 681.) Effective January 1, 2020, S.B. 136 limits the applicability of prior prison term sentence enhancements to prison terms served for sexually violent offenses. (*Ibid.*) Its provisions apply retroactively to cases that are not yet final on appeal. (*Id.* at pp. 681-682.)

Barbosa contends she is entitled to relief under S.B. 136 since her prior prison term was not for a sexually violent offense and her case is not yet final.[2] We agree. The one-year prison prior must be stricken from her sentence. (*People v. Conatser* (2020) 53 Cal.App.5th 1223, 1230.)

DISPOSITION

The matter is remanded to the trial court with directions to strike the one-year sentence enhancement imposed pursuant to section 667.5, subdivision (b), and to resentence Barbosa. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.    YEGAN, J.

---

[2] Barbosa was not required to obtain a certificate of probable cause to bring this appeal. (*People v. Stamps* (2020) 9 Cal.5th 685, 694-698.)

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Public Defender, and Thomas
Hartnett, Deputy Public Defender, for Defendant and Appellant.
Xavier Becerra, Attorney General, Lance E. Winters,
Chief Assistant Attorney General, Susan Sullivan Pithey,
Assistant Attorney General, Michael R. Johnsen and Peggy Z.
Huang, Deputy Attorneys General, for Plaintiff and Respondent.